UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PAMELA BEAN                                              CIVIL ACTION

VERSUS                                                   NO. 17-57

AMERICAN GENERAL LIFE                                    SECTION "R" (4)
INSURANCE COMPANY

# ORDER AND REASONS

Defendant American General Life Insurance Company (AIG) moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant asks the Court to dismiss plaintiff Pamela Bean's claims. For the following reasons, the Court grants defendant's motion.

## I.   BACKGROUND

Plaintiff Pamela Bean alleges that defendant is liable for breach of a life insurance policy issued to her husband, Daniel Clinton Bean, before his death.[1] In 1999, Mr. Bean entered into a life insurance contract with Old Line

---

[1]   R. Doc. 1-2 at 1.

Life Insurance Company of America, which later merged with AIG.[2] The contract named plaintiff as the primary beneficiary.[3]

In November 2013, defendant sent a letter to Mr. Bean informing him that his current contract was ending and providing instructions to renew his policy.[4] Neither the plaintiff nor Mr. Bean received this letter because it was mailed to an old address.[5] Mr. Bean's life insurance contract term ended on December 29, 2013.[6]

In September 2014, defendant mailed a letter to Mr. Bean at his correct address with a reinstatement application.[7] Mr. Bean completed the application and made a timely payment to renew the policy.[8] According to the complaint, defendant received the application and applied Mr. Bean's payment to his life insurance contract account.[9] Mr. Bean died days later on October 8, 2014.[10]

After Mr. Bean's death, defendant sent a letter to Mr. Bean's old address stating that it had reviewed the reinstatement application and was

---

[2]     *Id.* at 6 ¶ 5-7.
[3]     *Id.* at 7 ¶ 12.
[4]     *Id.* at 7 ¶ 13-14.
[5]     *Id.*
[6]     *Id.* at 7 ¶ 9.
[7]     R. Doc. 1-2 at 8 ¶ 16.
[8]     *Id.* at 8 ¶ 17.
[9]     *Id.*
[10]     *Id.* at 8 ¶ 20.

awaiting medical records from Mr. Bean's physicians.[11] The letter stated that defendant would notify Mr. Bean of its decision on whether to reinstate his policy after receipt and review of the records.[12]

Weeks later, a company working on behalf of defendant mailed a letter to Mr. Bean requesting that he sign a medical release form.[13] Plaintiff signed and returned this form to the defendant.[14] In her return letter, plaintiff stated that it was her understanding the policy was reinstated because defendant had cashed the check included with the reinstatement application.[15]

Months later, defendant mailed another letter to Mr. Bean's old address stating that defendant was closing the application because it had not received the requested additional information.[16] Defendant mailed the same letter the next day to the correct address.[17] Mr. Bean's doctor allegedly indicated to plaintiff that neither he nor his office ever received a medical records request from defendant.[18]

---

[11]    *Id.* at 9 ¶ 21.
[12]    *Id.*
[13]    R. Doc. 1-2 at 9 ¶ 22.
[14]    *Id.*
[15]    *Id.* at 9 ¶ 23.
[16]    *Id.* at 9-10 ¶ 25-26..
[17]    *Id.* at 10 ¶ 27.
[18]    *Id.* at 10 ¶ 30.

Plaintiff asserts that she and Mr. Bean performed every act required under the contract and performed every act requested and required in the reinstatement process.[19] She further alleges that, despite timely notification of Mr. Bean's death, defendant has not settled her life insurance claim.[20] Plaintiff argues that defendant violated its contractual and statutory obligations by canceling and failing to renew the life insurance contract.[21] Plaintiff seeks damages for breach of contract in the amount of $400,000, statutory interest, and attorney's fees.[22] Defendant now moves to dismiss plaintiff's complaint for failure to state a claim.[23]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[19] R. Doc. 1-2 at 11 ¶ 31.
[20] *Id.* at 11 ¶ 34.
[21] *Id.* at 11 ¶ 32.
[22] *Id.* at 11 ¶ 32-35.
[23] R. Doc. 6-1 at 3-5.

*Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

### III. DISCUSSION

Defendant moves to dismiss plaintiff's petition for failure to state a claim for breach of contract, attorney's fees, or statutory interest.[24] Plaintiff concedes that she is not entitled to attorney's fees on her current claims

---

[24] R. Doc. 6.

5

under the contract or Louisiana law.[25] The Court considers the remaining arguments.

### A. Breach of Contract Claim

Plaintiff alleges that defendant breached the life insurance contract when it failed to pay her $400,000 following her husband's death.[26] To state a valid claim for breach of contract under Louisiana law, the plaintiff must allege: "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011).

Plaintiff has not adequately alleged a breach of a contract. Under the provisions of Mr. Bean's life insurance contract, his insurance term ended on December 29, 2013.[27] The complaint alleges that defendant failed to renew or reinstate the life insurance contract even though plaintiff and Mr. Bean performed every act required of them in the renewal and reinstatement process.[28]

---

[25] R. Doc. 19 at 9.
[26] R. Doc. 1-2 at 11 ¶ 33.
[27] *Id.* at 7 ¶ 9.
[28] *Id.* at 11.

6

Yet plaintiff has not identified any provision of the underlying contract that obliges defendant to renew or reinstate the life insurance policy. *See Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782-83 (5th Cir. 2002) (affirming motion to dismiss where plaintiff failed to identify specific provision of contract allegedly breached). The allegation in the complaint that defendant breached its contractual obligations by failing to reinstate the life insurance policy is thus a legal conclusion without factual support.[29] *See Iqbal*, 556 U.S. at 678. Plaintiff's reliance on Louisiana statutes governing the performance of contracts is unavailing because plaintiff has not specified defendant's obligations under the contract. *See* La. Civ. Code art. 1772 ("A condition is regarded as fulfilled when it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment."); La. Civ. Code art. 1983 (obligation to perform in good faith).

Moreover, the complaint does not allege that the contract should be deemed renewed as a matter of law. The plaintiff asserts that she told defendant that she believed the policy was reinstated because defendant cashed the check accompanying Mr. Bean's reinstatement application.[30] But the complaint cites no facts or law to support the proposition that an

---

[29] R. Doc. 1-2 at 11 ¶ 32.
[30] *Id.* at 9 ¶ 23.

insurance contract is automatically renewed when an insurance company deposits a payment received with an application for renewal. Plaintiff's memorandum in opposition argues that defendant had a statutory obligation under Louisiana Revised Statutes § 22:905 to provide written notice before cancelling a life insurance policy after a default in payment.[31] This statute appears to have no application to the facts alleged here.

Thus, plaintiff has failed to plausibly allege a breach of contract claim.

**B. Statutory Interest Claim**

Defendant also moves to dismiss plaintiff's claim for statutory interest under Louisiana Revised Statutes § 22:1811. The statute provides that all death claims under policies issued within the state shall be settled by the insurer within sixty days after receipt of proof of death. La. R.S. 22:1811. If the insurer fails to do so without just cause, the amount due shall bear interest. *Id.*

Plaintiff has not stated a claim for statutory interest. For the reasons explained above, the complaint does not allege that Mr. Bean had a valid life insurance policy at the time of his death. Nor does plaintiff specifically allege that she made a claim for insurance proceeds or indicate whether and when she provided defendant with proof of death.

---

[31]  R. Doc. 19 at 7-8.

**C. Leave to Amend**

The plaintiff has requested the opportunity to amend her complaint if defendant's motion is granted.[32] The Court will "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has held that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Leave to amend, however, is not automatic. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). The Court considers multiple factors, including "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182. This is plaintiff's first complaint and the Court finds no indication of bad faith, dilatory motive, or undue prejudice to the defendant. After consideration of these factors, the Court grants plaintiff leave to amend her complaint.

**IV. CONCLUSION**

---

[32] R. Doc. 19 at 5.

For the foregoing reasons, the Court GRANTS defendant's motion to dismiss plaintiff's complaint. Plaintiff's claims for breach of contract and statutory interest are DISMISSED WITHOUT PREJUDICE. Plaintiff has 21 days to amend her complaint. Plaintiff's claim for attorney's fees arising out of a breach of contract claim is DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __30th__ day of June, 2017.

_____*Sarah Vance*_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE