UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMELA BEAN | CIVIL ACTION |
| VERSUS | NO. 17-57 |
| AMERICAN GENERAL LIFE INSURANCE COMPANY | SECTION "R" (4) |

## ORDER AND REASONS

Before the Court is defendant's motion to dismiss plaintiff's amended complaint.[1] For the following reasons, the Court denies the motion.

## I. BACKGROUND

This case arises out of a dispute over a life insurance policy issued by Defendant American General Life Insurance Company.[2] Plaintiff Pamela Bean alleges that she is the beneficiary of a renewable, level term life insurance policy issued to her husband, Daniel Bean.[3] According to the amended complaint, the 15-year level premium period of Mr. Bean's policy

---

[1]  R. Doc. 26.
[2]  R. Doc. 24.
[3]  *Id.* at 1 ¶ 1.

ended on January 27, 2014.[4] The policy was renewable on a yearly basis, with a final expiration date of January 27, 2053.[5]

On November 5, 2013, defendant mailed a letter to Mr. Bean informing him that his monthly premium would automatically increase on January 27, 2014, and his payment method would change from automatic electronic withdrawals to monthly paper statements.[6] Plaintiff asserts that this letter was mailed to an old address and that neither she nor Mr. Bean received it.[7] According to the amended complaint, the Beans notified defendant of their current address when they moved in 2000.[8] On January 3, 2014, defendant mailed another letter to Mr. Bean at his old address informing him that his premium had changed and that his account had been placed on direct monthly billing.[9] According to the amended complaint, the Beans never received this January 2014 letter or any monthly bills.[10] Nor did the Beans receive any notices of default or cancellation for nonpayment.[11] Plaintiff alleges that the Beans did not know that the premium had increased or that

---

[4] *Id.* at 1 ¶ 2.
[5] *Id.* at 1 ¶ 3.
[6] *Id.* at 2 ¶¶ 7-8; R. Doc. 24-2.
[7] R. Doc. 24 at 2 ¶¶ 7, 9.
[8] *Id.* at 1-2 ¶¶ 4-5.
[9] *Id.* at 2 ¶ 10; R. Doc. 24-3.
[10] R. Doc. 24 at 3 ¶¶ 11-12
[11] *Id.* at 4 ¶¶ 18-19.

the premiums would no longer be paid through automatic electronic withdrawals.[12]

On September 17, 2014, defendant mailed a letter to Mr. Bean at his correct address with an application to reinstate his life insurance policy.[13] Mr. Bean allegedly returned the completed forms and a check for $4,304.52 on September 29, 2014, and defendant deposited the check on or about October 4, 2014.[14] Mr. Bean died on October 8, 2014.[15] Plaintiff asserts that she notified defendant by mail of Mr. Bean's death, and later called to inform defendant of his death and make a claim for proceeds under the policy.[16] According to the amended complaint, defendant's representative told plaintiff on the phone that the renewal/reinstatement case was closed because Mr. Bean's doctor did not reply to defendant's request for medical records.[17] Defendant has allegedly continued to refuse to pay plaintiff benefits under the policy.[18]

---

12      *Id.* at 3 ¶ 13.
13      *Id.* at 4 ¶ 19; R. Doc. 24-4.
14      R. Doc. 24 at 4 ¶¶ 21-23.
15      *Id.* at 5 ¶ 25.
16      *Id.* at 5 ¶ 26.
17      *Id.*
18      *Id.* at 8 ¶ 37.

On December 6, 2016, plaintiff filed a petition for damages in Louisiana state court.[19] Defendant removed the matter to this Court on the basis of diversity of citizenship,[20] and later moved to dismiss plaintiff's petition.[21] On June 30, 2017, the Court dismissed plaintiff's claims, but granted leave to amend.[22] Plaintiff timely filed an amended complaint.[23] Defendant now moves to dismiss the amended complaint under Federal Rule of Civil Procedure 12(b)(6).[24]

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."

---

[19] R. Doc. 1-2.
[20] R. Doc. 1.
[21] R. Doc. 6.
[22] R. Doc. 23.
[23] R. Doc. 24. Plaintiff was also granted leave to supplement her amended complaint with additional documents. *See* R. Doc. 31; R. Doc. 35. Defendant has informed the Court that these documents do not change the arguments in its motion to dismiss. *See* R. Doc. 38.
[24] R. Doc. 26.

*Id.* at 678. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *See Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678. It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal relevant evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. The claim must be dismissed if there are insufficient factual allegations to raise a right to relief above the speculative level, *Twombly*, 550 U.S. at 555, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, *Jones v. Bock*, 549 U.S. 199, 215 (2007).

## III. DISCUSSION

### A. Breach of Contract

The amended complaint alleges that defendant breached the life insurance contract by refusing to disburse benefits to plaintiff after Mr.

Bean's death.[25] To state a valid claim for breach of contract under Louisiana law, the plaintiff must allege "(1) the obligor's undertaking an obligation to perform, (2) the obligor failed to perform the obligation (the breach), and (3) the failure to perform resulted in damages to the obligee." *Favrot v. Favrot*, 68 So. 3d 1099, 1108-09 (La. App. 4 Cir. 2011). The Court dismissed plaintiff's initial breach of contract claim because plaintiff did not adequately allege that defendant failed to perform an obligation under the contract.[26] Specifically, the original petition stated that Mr. Bean's life insurance policy expired on December 29, 2013, and plaintiff failed to identify any provision of the contract obliging defendant to renew or reinstate the policy.[27]

The amended complaint cures these deficiencies. Plaintiff no longer alleges that the life insurance policy expired in December 2013.[28] Plaintiff now asserts, with supporting documentation, that Mr. Bean's life insurance policy remained in force after January 2014, and that his premiums automatically increased.[29] The amended complaint alleges that defendant breached its contractual and statutory duties by failing to mail notices of

---

[25] R. Doc. 24 at 7 ¶ 34.
[26] R. Doc. 23 at 6-7.
[27] *Id.*
[28] R. Doc. 24 at 1. The amended complaint deletes ¶ 9 of the original petition, which stated that "[a]ccording to the terms of this life insurance contract, the term ended on December 29, 2013." *See* R. Doc. 1-2 at 7 ¶ 9.
[29] R. Doc. 24 at 2-3; R. Doc. 24-2; R. Doc. 24-3.

6

premium changes and monthly statements to Mr. Bean at his correct address.[30] Plaintiff asserts that, but for the lack of monthly statements, Mr. Bean would have paid the premiums due.[31] The Court need not address defendant's purported breach of the notice provisions of the insurance contract because plaintiff has adequately alleged that defendant failed to comply with its statutory duties, and that the insurance policy therefore remained valid as a matter of law.[32]

The amended complaint states that defendant treated the policy as lapsed for nonpayment, and correspondence from the defendant makes clear that Mr. Bean's premiums increased and his policy did not expire on its own terms.[33] Defendant's motion to dismiss asserts that Mr. Bean's policy lapsed after he stopped paying premiums.[34] Because this matter involves a default in payment of life insurance premiums, defendant was required to comply with the notice provisions of Louisiana Revised Statutes § 22:905 before declaring the policy forfeited.[35] This statute provides that:

---

[30] R. Doc. 24 at 6 ¶¶ 28-31.
[31] *Id.* at 6 ¶ 29.
[32] *Id.* at 6-7 ¶¶ 30-33.
[33] *Id.* at 6 ¶¶ 27, 30; R. Doc. 24-2; R. Doc. 24-3. This correspondence was sent to Mr. Bean's old address.
[34] R. Doc. 26 at 2-3.
[35] The Court previously noted that § 22:905 did not appear to apply to the facts alleged in plaintiff's original petition. *See* R. Doc. 23 at 8. The Court reached this conclusion because plaintiff initially alleged that

7

> No life insurer shall within one year after default in payment of any premium, installment, loan, or interest, declare forfeited any policy issued or renewed, and not issued upon the payment of monthly or weekly premiums or for a term of one year or less, for nonpayment when due of any premium, installment, loan, or interest, or any portion thereof required by the terms of the policy to be paid, unless a written or printed notice shall have been duly addressed and mailed to the owner of the policy . . . at the last known post office address of such insured . . . at least fifteen and not more than forty-five days prior to the date when the same is payable.

La. R.S. 22:905(A). The legally required notice must state (1) the amount of the premium due and (2) "[t]he place where it shall be paid and the person to whom the same is payable." *Id.*

The purpose of this statutory notice requirement "is 'to protect insureds against loss of their policies through mere neglect to pay premiums and to give them a fair chance to meet the payments when due.'" *First Am. Bank & Trust of La. v. Tex. Life Ins. Co.*, 10 F.3d 332, 335 (5th Cir. 1994) (quoting *Lemoine v. Sec. Indus. Ins. Co.*, 569 So. 2d 1092, 1096 (La. App. 3 Cir. 1990)). The statute is strictly construed. *See id.*; *Vining v. State Farm Life Ins. Co.*, 409 So. 2d 1306, 1309 (La. App. 2 Cir. 1982).

According to the amended complaint, defendant failed to send any notice to Mr. Bean's "last known post office address" before its September 17,

---

defendant failed to renew the policy, not that defendant declared the policy lapsed for nonpayment.

2014 letter instructing Mr. Bean to complete a reinstatement application.[36] The September 2014 letter fails to satisfy the requirements of § 22:905(A) because it did not notify Mr. Bean of the amount of the premium due "at least fifteen and not more than forty-five days prior to the date when the same is payable." La. R.S. 22:905(A). The September 2014 letter was instead sent several months *after* Mr. Bean's premiums were due, and it stated that he had to apply to reinstate his policy.[37] *See First Am. Bank & Trust of La.*, 10 F.3d at 335 (finding that notice sent nine days before the premium was due, rather than the required fifteen days, did not comply with the statute).

Even if the September 2014 letter could constitute statutory notice, the amended complaint asserts that Mr. Bean timely paid the $4,304.52 requested in the letter.[38] Moreover, the statute provides that "[n]o policy shall be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice." La. R.S. 22:905(B). Mr. Bean died less than thirty days after September 17, 2014.[39] Thus, the amended complaint adequately alleges that defendant did not provide statutorily required notice before declaring Mr. Bean's policy lapsed for nonpayment.

---

[36] R. Doc. 24 at 3-4.
[37] R. Doc. 24-4.
[38] R. Doc. 24 at 4 ¶¶ 21-23.
[39] *Id.* at 5 ¶ 25.

If an insurer fails to provide legally sufficient notice under § 22:905, the life insurance policy "automatically extends for one year." *First Am. Bank & Trust of La.*, 10 F.3d at 335; *see also Johnston & Johnston v. Conseco Life Ins. Co.*, 732 F.3d 555, 563 (5th Cir. 2013); *Ochsner v. IdeaLife Ins. Co.*, 945 So. 2d 128, 133 (La. App. 4 Cir. 2006). The amended complaint indicates that Mr. Bean's default in payments began in January 2014.[40] Accordingly, plaintiff has plausibly alleged that the life insurance contract was still in effect as a matter of law at the time of Mr. Bean's death on October 8, 2014.[41]

Defendant contends that, even if § 22:905 applies to this matter, plaintiff's claims are time-barred.[42] The statute provides that "[n]o action shall be maintained to recover *under a forfeited policy*, unless the same is instituted within two years from the day upon which default was made in paying the premium, installment, interest or portion thereof for which it is claimed that forfeiture ensued." La. R.S. 22:905(C) (emphasis added).

---

[40] R. Doc. 24 at 3 ¶ 14.
[41] *Id.* at 7 ¶ 32. Defendant does not argue that Mr. Bean's policy falls into the statutory exception for policies "issued upon the payment of monthly or weekly premiums or for a term of one year or less." La. R.S. 22:905(A). The insurance policy appears to be an annual renewable policy with annual premiums that Mr. Bean elected to pay on a monthly basis. *See* R. Doc. 24-1 at 3; R. Doc. 24-3. The amended complaint therefore includes sufficient facts to indicate that the notice requirement applies. *See Lemoine*, 569 So. 2d at 1095; *see also First Am. Bank & Trust of La.*, 10 F.3d at 335 n.6.
[42] R. Doc. 26 at 5.

Plaintiff's complaint was not filed until December 6, 2016, more than two years after Mr. Bean stopped paying life insurance premiums.[43]

But the Louisiana Supreme Court has held that a suit to recover life insurance proceeds under a policy that remained valid as a matter of law because of a lack of notice is not a suit "to recover under a forfeited policy." *Compton v. Amicable Life Ins. Co. of Waco, Tex.*, 162 So. 751, 755 (La. 1935). The two-year statute of limitations in § 22:905(C) therefore does not apply. *See id.*; *see also Lemoine*, 569 So. 2d at 1098 (explaining that the "prescriptive provision applies only to policies truly forfeited"). Because the amended complaint plausibly alleges that Mr. Bean's life insurance policy was never forfeited, plaintiff's claim is not time-barred under § 22:905(C).

Plaintiff has adequately alleged that Mr. Bean held a valid life insurance policy at the time of his death on October 8, 2014,[44] that defendant failed to pay benefits owed under the terms of the policy,[45] and that, as the policy's beneficiary, she has been injured by the lack of payment.[46] *See Favrot*, 68 So. 3d at 1108-09. Defendant's argument that plaintiff fails to state a claim because the amended complaint does not cite a specific policy

---

[43]  R. Doc. 1-2; R. Doc. 24 at 3 ¶ 14.
[44]  R. Doc. 24 at 6 ¶ 27.
[45]  R. Doc. 1-2 at 7 ¶ 11; R. Doc. 24 at 7 ¶ 34; R. Doc. 24-1 at 3.
[46]  R. Doc. 1-2 at 11 ¶ 33; R. Doc. 24 at 7 ¶ 34.

provision is unavailing.[47] Plaintiff has clearly alleged that the life insurance contract obligated defendant to pay benefits in the sum of $400,000 upon Mr. Bean's death, and that defendant breached this term by failing to disburse benefits.[48] In contrast to the facts of *Louque v. Allstate Ins. Co.*, 314 F.3d 776 (5th Cir. 2002), there is no question that defendant has a contractual obligation to pay life insurance benefits after receiving a valid claim. *See id.* at 782-83 (finding that plaintiff did not state a claim for breach of contract because the insurance policy did not require the defendant to settle claims before trial). Plaintiff has provided defendant fair notice of the nature and basis of her claim for breach of contract. *See Nguyen v. St. Paul Travelers Ins. Co.*, No. 06-4130, 2007 WL 3275133, at *3 (E.D. La. Nov. 5, 2007) (distinguishing *Louque* and denying motion to dismiss). Accordingly, the Court finds that plaintiff has stated a claim for breach of contract under Louisiana law.

### B. Statutory Interest

Defendant also moves to dismiss plaintiff's claim for statutory interest under Louisiana Revised Statutes § 22:1811.[49] The statute provides that "[a]ll death claims arising under policies of insurance issued or delivered within

---

[47] R. Doc. 26 at 5.
[48] R. Doc. 1-2 at 7 ¶ 11; R. Doc. 24 at 8; R. Doc. 24-1 at 3.
[49] R. Doc. 26 at 6.

this state shall be settled by the insurer within sixty days after the date of receipt of due proof of death." La. R.S. 22:1811. If the insurer fails to pay benefits "without just cause, the amount due shall bear interest at the rate of eight percent per annum from date of receipt of due proof of death by the insurer until paid." *Id.* The amended complaint asserts that defendant lacked just cause for failing to settle plaintiff's claim because defendant knew or should have known that it had not provided Mr. Bean with adequate notice of premiums due.[50]

Defendant argues that plaintiff fails to state a claim for statutory interest because she does not satisfactorily allege that she made a claim for benefits under the policy or when and how she provided proof of death.[51] Plaintiff represents that she notified defendant of Mr. Bean's death by letter and telephone.[52] The amended complaint states that plaintiff told defendant's representative over the phone that she was making a claim as the beneficiary of the policy, and that plaintiff's attorney later made a written claim to defendant on plaintiff's behalf.[53] The statute does not prescribe any

---

50   R. Doc. 24 at 8 ¶ 39.
51   R. Doc. 26 at 6-7.
52   R. Doc. 24 at 5 ¶ 26.
53   *Id.*

particular method for making a death claim, and the Court finds that plaintiff has adequately alleged that she made a claim under the policy.[54]

Plaintiff has also provided sufficient factual allegations regarding proof of death. Louisiana courts have not clearly defined what constitutes "due proof of death" as a matter of law. *See N.Y. Life Ins. Co. v. Lulich*, No. 12-107, 2012 WL 3255386, at *3 (E.D. La. 2012). Although a death certificate may be the "usual manner of presenting proof of death to a life insurer," it is not the only means of furnishing such proof. *Tutorship of Price v. Standard Life Ins. Co.*, 569 So. 2d 261, 266 (La. App. 2 Cir. 1990). For instance, Louisiana courts have found that the filing of a lawsuit can serve as the date of receipt of due proof of death for the purposes of calculating interest due. *See Neider v. Continental Assurance Co.*, 35 So. 2d 237, 241 (La. 1948); *Mataya v. Delta Life Ins. Co.*, 71 So. 2d 139, 144-45 (La. App. Orl. 1954); *see also White v. Trans-World Life Ins. Co.*, 484 So. 2d 263, 266 (La. App. 3 Cir. 1986).

---

[54] The Court's order granting defendant's first motion to dismiss noted that plaintiff did not specifically allege that she made a claim for insurance proceeds. *See* R. Doc. 23 at 8. Plaintiff original petition included the conclusory assertion that, "[d]espite the fact that AIG was timely notified of Mr. Bean's death, AIG has not settled Plaintiff's claim," but failed to provide any facts demonstrating that plaintiff informed defendant of Mr. Bean's death or of plaintiff's status as the beneficiary of Mr. Bean's policy. *See* R. Doc. 1-2 at 11 ¶ 34.

14

When a life insurer's own actions prevent a beneficiary from providing formal evidence of death, the date of the beneficiary's request to the insurer can qualify as the date of due proof of death. Faced with a life insurer who maintained that a policy had lapsed for nonpayment, the Louisiana Supreme Court explained that, because "the defendant contended that the policy was not in force and refused to furnish forms for the making of proof of death, it would have been a vain, futile, and useless thing for plaintiff to have made such proof." *Neider*, 35 So. 2d at 241. The *Neider* court held that the plaintiff could recover interest from the date she requested forms from the insurance company to provide proof of death, if she could establish that date with certainty, or alternatively from the date of judicial demand. *Id.*

The amended complaint alleges that defendant's representative told plaintiff over the phone that Mr. Bean's reinstatement case was closed.[55] Plaintiff represents that, as a result of this conversation, she did not make a written claim for benefits but instead contacted legal counsel to make a claim on her behalf.[56] Accepting plaintiff's allegations as true, the Court finds that it would have been futile for plaintiff to send defendant additional proof of death after she was informed that the case was closed. Plaintiff's telephone

---

[55] R. Doc. 24 at 5 ¶ 26.
[56] *Id.*

15

call with defendant could therefore qualify as receipt of proof of death if plaintiff is able to provide evidence of the date and content of this conversation. *See id.*; *see also White*, 484 So. 2d at 266 (La. App. 3 Cir. 1986) ("Evidence of the date of receipt of proof of death is essential to an award of penalties under" the statute).

Further, the amended complaint asserts that plaintiff's counsel notified defendant of Mr. Bean's death.[57] Plaintiff attached to her complaint a June 5, 2015 letter from her attorney to defendant stating that Mr. Bean died in October 2014.[58] On July 6, 2015, defendant sent a letter to plaintiff's counsel and acknowledged that Mr. Bean is deceased.[59] The basic purpose of the proof of death requirement is to provide the insurer with sufficient information to determine its obligations under the policy. *See* 8 Jeffrey E. Thomas, *New Appleman on Insurance Law Library Edition* § 86.02 (2016). There is no indication in the correspondence that defendant requested or required any further proof of Mr. Bean's death. *See Lulich*, No. 12-107, 2012 WL 3255386, at *4 (noting that defendant acknowledged that it was notified of death and did not mention requiring any additional proof); *cf. Tutorship of Price*, 569 So. 2d at 262, 266 (explaining that insurer did not receive due

---

[57] *Id.*
[58] R. Doc. 31-1 at 1-2.
[59] *Id.* at 3.

proof of death when policy owner had disappeared and his body was not found). The Court therefore finds that plaintiff has sufficiently alleged that defendant received due proof of Mr. Bean's death no later than July 6, 2015. Accordingly, the Court denies defendant's motion to dismiss plaintiff's claim for statutory penalties.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motion to dismiss the amended complaint.

New Orleans, Louisiana, this __2nd__ day of November, 2017.

_____Sarah Vance_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE